# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                                                             )<br>                           Plaintiff,    )<br>     vs.                                                 )<br>                                                             )<br>DYWON JOHNSON,                       )<br>                                                             )<br>                           Defendant.  )<br>                                                             ) | Case No.: 2:16-cr-00052-GMN-CWH-4<br><br>**ORDER** |

Pending before the Court is Defendant Dywon Johnson's ("Defendant's") Motion for Compassionate Release, (ECF No. 315). Pursuant to this Court's General Order 2020-06, CJA Counsel filed a Supplement to the Motion, (ECF No. 321). The Government filed a Response, (ECF No. 331), and Defendant filed a Reply, (ECF No. 332).

For the reasons discussed below, the Court **DENIES** the Motion for Compassionate Release.

## I.  BACKGROUND

On August 25, 2017, Defendant pleaded guilty to one count of Conspiracy to Distribute a Controlled Substance (Cocaine) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(c), and 846, and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A). (*See* Superseding Information, ECF No. 179); (Mins. Proceedings, ECF No. 181). On December 15, 2017, the Court sentenced Defendant to 46-months' custody as to Count One and 60-months custody as to Count Two, consecutive to one another. (*See* Mins. Proceedings, ECF No. 234); (J., ECF No. 239). Defendant is presently in custody at the Herlong Federal Correctional Institution ("FCI Herlong"), and he now petitions this Court for compassionate release. (*See* Supp. Mot. Compassionate Release ("Supp. MCR") 6:1–3, ECF No. 321).

## II. LEGAL STANDARD

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), authorizes the sentencing court to modify a defendant's sentence in limited circumstances. 18 U.S.C. § 3582(c)(1)(A). The sentencing court may order compassionate release, "if after considering the factors set forth in 18 U.S.C. § 3553(a)," the defendant has demonstrated: (1) he has exhausted his administrative remedies; (2) "extraordinary and compelling reasons" warrant a reduction in his sentence, and (3) he is not "a danger to the safety of any other person or the community." 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.  Under United States Sentencing Guideline § 1B1.13, "extraordinary and compelling reasons" include, among other things, terminal illnesses and medical conditions "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13.  The court may also consider "other reasons" including a "reason other than, or in combination with" a reason specifically provided in the Sentencing Guidelines. *Id.*  The decision to grant compassionate release is in the sentencing court's discretion. *See United States v. Wade*, 2:99-cr-00257-CAS-3, 2020 WL 1864906, at *5 (C.D. Cal. Apr. 13, 2020).

## III. DISCUSSION

The Government does not dispute that Defendant has exhausted his administrative remedies.  Accordingly, the Court's analysis considers whether Defendant has presented "extraordinary and compelling reasons" for his release and whether Defendant has demonstrated his release would not present a danger to the public.

### A. Extraordinary and Compelling Reasons

Defendant alleges that he is at heightened risk for severe complications from COVID-19 because he has systemic lupus erythematosus ("SLE"). (Supp. MCR 1:18–25, ECF No. 321).

The Government argues that Defendant is at lower risk for complications from COVID-19 than he represents because his medical records demonstrate that he has local (discoid) lupus erythematosus ("DLE"), not SLE. (Gov't's Resp. 6:20–7:3, ECF No. 331).

Irrespective of the type of lupus Defendant suffers from, the Centers for Disease Control ("CDC") have not identified lupus as an underlying medical condition that places an individual at heightened risk of contracting complications from COVID-19. *See* CDC, "Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, (last visited Dec. 23, 2020). While being immunocompromised may put an individual at heightened risk of complications, the CDC has not noted that medical evidence demonstrates that lupus or DLE, specifically, puts an individual at heightened complications for COVID-19. *See id.* While lupus is an autoimmune disease, the Court finds that the absence of evidence germane to Defendant's particular condition and the threat of COVID-19 fails to demonstrate extraordinary and compelling reasons for Defendant's release from custody.

Even if Defendant's lupus would provide an extraordinary and compelling reason for release, the Court is not persuaded that Defendant's likelihood of infection is higher in custody than if released. When determining if "extraordinary and compelling reasons" exists for compassionate release in light of the COVID-19 pandemic, courts both within and outside this District have looked to the safety of the defendant's current detention institution compared to release. *See, e.g.*, *United States v. Walters*, No. 2:16-cr00011-JAD-PAL, 2020 WL 3104049, at *2 (D. Nev. June 11, 2020); *United States v. Kauwe*, No. 3:14-cr-00044-MMD-WGC-1, 2020 WL 2926460, at *2 (D. Nev. June 3, 2020); *United States v. Delgado*, No. 3:18-CR-17-(VAB)-1, 2020 WL 2464685, at *6 (D. Conn. Apr. 30, 2020).

Defendant's current facility, FCI Herlong, is not presently experiencing a widespread outbreak of COVID-19 infections. Current records show 26 out of 982 inmates and seven staff

members are presently COVID-19 positive. *See* COVID-19 Cases, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Dec. 23, 2020). Compassionate release thus does not appear necessary to prevent an imminent, likely exposure to Defendant. *Cf. United States v. Walters*, No. 2:16-cr-00011-JAD-PAL, 2020 WL 3104049, at *2 (D. Nev. June 11, 2020) (denying compassionate release and supporting that decision with, among other reasons, a finding that "[a]lthough the COVID-19 pandemic is undeniably grave and its effect on every aspect of American life is unprecedented, its impact at NSDC has been minimal."). In contrast, if released, Defendant would enter the public at the peak of COVID-19's transmission. Accordingly, assuming Defendant could be at risk for severe COVID-19 complications if infected, his comparatively low risk of exposure to the virus in his facility cautions against his compassionate release. Even if Defendant had presented extraordinary and compelling reasons for his release, the Court finds that Defendant has not met his burden to show he would not be a danger to the public if released.

### B. Danger to the Public

The Government argues that Defendant is a danger to the public given that he has been convicted of a firearm charge, distributing a substantial amount of cocaine in the course of gang activity, and several instances of domestic battery. (Gov't's Resp. 7:19–8:13). Defendant responds that the Court should disregard Defendant's previous violent offenses because they "occurred in 2010 or earlier," and he has a record of "excellent and productive behavior while in custody." (Def.'s Reply 6:14–7:1).

The Court finds that Defendant has not met his burden to demonstrate that he would not be a danger to the public if granted compassionate release. Given Defendant's violent criminal history, his prior gang affiliation, and use of a firearm in furtherance of a drug crime, Defendant's good behavior while in custody is insufficient to demonstrate that he would not present a danger to the public if released. *See, e.g.*, *United States v. Lebron*, 3:16-cr-00382-

JGC-1, 2020 U.S. Dist. LEXIS 181685, 2020 WL 5824399, at *3 (N.D. Ohio Oct. 1, 2020) ("He has demonstrated domestic violence in addition to being convicted as a felon in possession of a firearm in connection with his drug-trafficking business. I can think of no conditions of release that would safeguard society from the danger he poses."). Therefore, the Court denies Defendant's Motion.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release, (ECF Nos. 315, 321), is **DENIED**.

Dated this  23  day of December, 2020.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT